UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CRYSTAL M.C.,

                                  Plaintiff,

                v.                                            5:20-CV-807
                                                                           (FJS/ATB)
COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
_____

**APPEARANCES**                                        **OF COUNSEL**

**OLINSKY LAW GROUP**                   **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street
Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **AMELIA STEWART, ESQ.**
**OFFICE OF GENERAL COUNSEL**        **GEOFFREY M. PETERS, ESQ.**
625 JFK Building
15 New Sudbury Street
Boston, Massachusetts 02203
      - and -
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

      Before the Court is Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b). *See* Dkt. No. 26. Defendant does not oppose the motion. *See* Dkt. No. 28.

      Section 406(b)(1)(A) provides, in pertinent part, that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation,

not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). As the Supreme Court has explained, "[m]ost plausibly read . . . § 406(b) does not displace contingent-fee arrangements as the primary reason by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* (footnote omitted).

In this case, Plaintiff's counsel seeks $8,909.75 in attorney's fees for 43.6 hours of federal district court work on Plaintiff's case. *See* Dkt. No. 26-1 at ¶ 7.[1] Plaintiff's counsel asserts that this requested fee is reasonable because his obtaining a remand hearing from this Court resulted in a finding that Plaintiff was disabled and, therefore, eligible for benefits. *See id.* at ¶ 9. Furthermore, he asserts that, of the hours spent on this case, 36 hours were attorney hours and 7.6 hours were paralegal hours; and, if the paralegal hours are billed at $100 per hour and deducted, the effective hourly attorney rate is $226.38, which is a reasonable hourly rate. *See id.* at ¶ 10. Finally, Plaintiff's counsel contends that, "[g]iven the contingent nature of the representation, the contract between Plaintiff and her attorney and the absence of any reasons the award would be unjust, . . . it is not a windfall." *See id.* at ¶ 12.

In *Fields v. Kijakazi,* 24 F.4th 845 (2d Cir. 2022), the Second Circuit noted that, in *Wells v. Sullivan*, 907 F.2d 367 (2d Cir. 1990), it had held that "'where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable

---

[1] Plaintiff received past-due benefits in the amount of $59,639.00, 25% of which is $14,909.75. *See* Dkt. No. 26-1 at ¶¶ 4-5. Plaintiff's fee agreement was approved in the amount of $6,000.00, thus he is requesting $8,909.75 in attorney's fees under § 406(b).

fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Id.* at 852-53 (quoting [*Wells*, 907 F.2d] at 371). "In evaluating the reasonableness of the contingency agreement in a given case, *Wells II* instructed courts to 'determine whether the contingency percentage is within the 25% cap' and then to consider 'whether there has been fraud or overreaching in making the agreement, and' -- . . . 'whether the requested amount is so large as to be a windfall to the attorney.'" *Id.* at 853 (quoting [*Wells*, 907 F.2d] at 372).

Furthermore, in *Gisbrecht*, the Supreme Court explained that courts should "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness," and provided examples of factors that a court might consider in conducting this analysis. *Gisbrecht*, 535 U.S. at 808. The Court noted that the factors that a court might consider when determining whether a reduction in the requested fees was warranted include (1) "the character of the representation and the results the representative achieved," *i.e.*, whether the representation was substandard; (2) whether "the attorney is responsible for delay," which might result in the attorney "profit[ing] from the accumulation of benefits" during any delay that the attorney caused; and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case[.]" *Id.* In *Fields,* the Second Circuit noted that, although most of the factors that the Supreme Court articulated in *Gisbrecht* "are straightforward and readily applied," the last factor -- the so-called "windfall" factor -- is not as straightforward as it may seem. *Fields*, 24 F.4th at 853.

In *Fields*, the Second Circuit clarified that "the windfall factor does *not* constitute a way of reintroducing the lodestar method and, in doing so, to indicate the limits of [this] factor." *Id.* at 854. Furthermore, the Court noted that, "[i]n determining whether there is a windfall that

renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." *Id.* (citing *Jester v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[T]he lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding. . . . [T]he district court must also articulate the factors that demonstrate to the court that the fee is unearned")). Thus, the Court stated that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.*

In determining whether the requested fee is a windfall, the *Fields* court explained that, "[a]mong the factors to be considered are the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Id.* Another factor that "courts should consider [is] the nature and length of the professional relationship with the claimant -- including any representation at the agency level[.]" *Id.* at 855. The court explained that, although "§ 406(b) fees compensate counsel for court-related work, consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Additionally, another factor for the court "to consider is the satisfaction of the disabled claimant." *Id.* Finally, a fourth important factor for the court to consider is "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* The *Fields* court noted that, "'[i]n the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.'" *Id.* at 855-56 (quoting *Wells II*, 907 F.2d at 371).

In this case, the fee agreement provides, in pertinent part, that

> I understand that my federal court attorney . . . has the right to ask the court to award 25% of my past-due benefits ("406(b) fees") for representing me in federal court. The parties agree that if counsel becomes entitled to a fee up to 25% of the past due benefits for work before the court under 42 USC sec. 406(b) (Culbertson v. Commissioner) that counsel will credit the amount of the EAJA fee in addition to the 406b fee and will return any excess EAJA amounts not authorized, to the claimant.

*See* Dkt No. 26-2, "Fee Agreement - Federal Court Social Security Appeal," at ¶ 3. There is nothing in the record to suggest that the fee requested is out of line with the character of the representation or the results that Plaintiff's counsel achieved, nor is there anything to suggest that he delayed or attempted to delay resolution of this litigation. Therefore, the Court must determine whether an award of the requested attorney's fees would amount to a windfall for Plaintiff's counsel.

In this case, there is no dispute that Plaintiff's counsel secured a favorable result for Plaintiff. He achieved remand to the administrative level, which ultimately resulted in an award of $59,639.00 in past-due benefits to Plaintiff as well as future monthly payments beginning in January 2023. *See* Dkt. No. 23-6 at 3. Furthermore, counsel's brief in support of Plaintiff's position contained appropriately researched arguments tailored to the facts of this case, which resulted in the Court reversing Defendant's decision and remanding the matter to the administrative level pursuant to sentence four of 42 U.S.C. § 405(g). *See* Dkt. Nos. 20-22. Finally, the Court finds that the *de facto* hourly rate of the fees requested in this case ($341.97)[2] is not out of line with the corresponding hourly rate of attorney's fees that district courts in the

---

[2] The Court has calculated the *de facto* hourly rate of $341.97 by dividing $14,909.75 (25% of the $59,639.00 that Plaintiff received for past-due benefits) by 43.6 hours (the total number of hours spent on this case by both the attorneys and the paralegals in Plaintiff's counsel's office).

Second Circuit have approved. *See, e.g.*, *Kristen E.H. v. Comm'r of Soc. Sec.*, 6:21-CV-962 (N.D.N.Y. Jan. 6, 2023) (Scullin, S.J.), Dkt. No. 22 ($1,197 *de facto* hourly rate); *Franklin P. v. Comm'r of Soc. Sec.*, 6:21-CV-162, 2022 WL 3371148 (N.D.N.Y. Aug. 16, 2022) (Hurd, J.) ($1,025.94 *de facto* hourly rate) *Eric K. v. Berryhill*, 5:15-cv-00845 (BKS), 2019 WL 1025791, *3 (N.D.N.Y. Mar. 4, 2019) (Sannes, J.) ($1,500 *de facto* hourly rate); *Kazanjian v. Astrue*, No. 09 civ. 3678 (BMC), 2011 WL 2847439, *2 (E.D.N.Y. July 15, 2011) ($2,100 *de facto* hourly rate).

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b)(1), *see* Dkt. No. 26, is **GRANTED in the amount of $8,909.75**;[3] and the Court further

**ORDERS** that, upon receipt of the $8,909.75 in attorney's fees, Plaintiff's counsel is directed to refund to Plaintiff the EAJA fee award of $8,145.50.

**IT IS SO ORDERED.**

Dated: January 10, 2023
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[3] Plaintiff's counsel has already received $6,000 of the $14,909.75 in attorney's fees that he could recover under § 406(b).